

1825 I Street, N.W., Suite 900
Washington, DC 20006
Telephone: (202) 457-0160
Facsimile: (202) 659-1559
http://www.dickinsonwright.com

Jacob S. Frenkel* Chair, Government
Investigations and Securities Enforcement Practice
JFrenkel@dickinsonwright.com
(202) 466-5953

*Admitted to practice in Maryland and Louisiana. Not admitted to practice in the District of Columbia.

October 3, 2025

**via CM/ECF**
The Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
*and via e-mail to:* CronanNYSDChambers@nysd.uscourts.gov

      Re: *Shineco, Inc. et al. v. The Nasdaq Stock Market, LLC,* No. 1:25-cv-06159-JPC

Dear Judge Cronan:

      I write on behalf of Plaintiffs Shineco, Inc. ("Shineco"), Xia Sheng, and Huan Yao in the above-captioned case in response to the Court's order (Dkt. 20) dated yesterday, October 2, 2025, and to advise this Court of developments in the case. Due to recent events, as explained more fully below, Plaintiffs intend to file a renewed Emergency Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction and Amended Complaint no later than early on the morning of Monday, October 6, 2025. Plaintiffs respectfully inform the Court that any response by Defendant to Plaintiffs' original Verified Complaint (Dkt. 1) will be moot as of Monday morning.

      On October 1, 2025 at 9:19 p.m., a Deputy General Counsel for Defendant Nasdaq Stock Market, LLC ("Nasdaq"), issued the decision of the Nasdaq Listing and Hearing Review Council ("Listing Council") in the Listing Council's call for review of a Nasdaq Hearing Panel's earlier determination to delist Shineco's stock from the Nasdaq exchange.[1] The Listing Council's Decision, which Counsel will append to the forthcoming pleadings, affirmed the Nasdaq Hearings

---

[1] According to the metadata of the Listing Council's Decision, that Decision was completed by its signatory at 1:38 P.M. on October 1, 2025. Approximately eight hours later, at 9:19 P.M., well after the start of the Yom Kippur religious holiday and observance, the Decision's signatory sent the Decision to undersigned counsel. Because of undersigned counsel's known strict observance of the Yom Kippur holiday, I, as Plaintiffs' lead counsel, was unable to review and analyze that Decision until this date, October 3, 2025. I write "known strict observance" because, on September 18, 2025, in advance of the Rosh Hashanah holiday, I wrote and sent to lead counsel to Defendant an e-mail informing him of the circumstances under which I anticipated returning to this Court to seek a TRO, provided him with what turned out to be two weeks' notice of a potential forthcoming request for advance agreement to a stay of a potential suspension of trading, and that "I will be offline in observance of Rosh Hashanah. Therefore, my colleagues, Greg Ewing and Brian Yu will be running lead in my absence."

DICKINSON WRIGHT PLLC

The Hon. John P. Cronan
United States District Judge
October 3, 2025
Page 2

Panel's July 24, 2025 decision confirming staff's delisting determination, which in turn is the genesis of the entire dispute before this Court. The Listing Council's 11-page Decision makes no reference to when the suspension of trading on the Nasdaq would become effective. That in turn necessitated inquiring of the Nasdaq. The response from the administrative attorney at the Nasdaq was "I was out of office yesterday for the same reason ["Yom Kippur holiday observance]). Apologies for my late reply. The stay is lifted. Suspension will be published on Monday and effective as of the start of trading on Tuesday."[2] Therefore, Shineco's stock is at risk of being suspended from trading as of 9:30 A.M. on Tuesday, October 7, 2025, with advance notice going out on Monday from the Nasdaq. Unless the Court considers on Monday, October 6, 2025, Plaintiffs' forthcoming motion for a TRO and determines whether to enjoin Defendant from commencing the suspension pending an appeal to the Securities and Exchange Commission, Shineco and the holders of its common stock (including two of the Plaintiffs) will suffer irreparable harm.

One of Plaintiffs' counsel inquired of counsel of record to Defendant whether Defendant would consent to stay the suspension of trading pending appeal. Also this morning, Defendant's counsel informed Plaintiffs' counsel that Defendant rejected the request to stay the suspension of trading pending appeal.

Plaintiffs' request respectfully that this Court, its calendar permitting, schedule an expedited hearing on Monday, October 6, 2025 to consider Plaintiffs' request for emergency but extremely narrow injunctive relief. That is why Plaintiffs' intend to have their filings before the Court by early Monday morning. Plaintiffs' pray that this timing will enable the Court to consider the request for injunctive relief to prevent the suspension of trading of Shineco's stock from becoming effective at 9:30 A.M. on Tuesday, October 7, 2025.

Undersigned counsel also respectfully informs the Court that, in the event the Court schedules an expedited hearing to take place on Monday afternoon, then Gregory Ewing, Esq., also of Dickinson Wright's Washington, DC office, whose *pro hac vice* application this Court's Clerk's Office determined this date to have been reviewed and be without deficiency, will appear for Plaintiffs to argue in support of the motion. I, as lead counsel, as well as Mr. David Becker, also a principal counsel for Plaintiffs, will already be out of the office and unavailable with the start of the Jewish holiday of Sukkot and attendant religious observances commencing in the afternoon of Monday, October 6, 2025.

---

[2] The "inability to respond earlier" than today for being out in observance of the Yom Kippur holiday is particularly curious given the administrative attorney's ability to transmit the Decision on Wednesday night, when the holiday observance started in New York City at 6:19 P.M. and in Washington, DC at 6:32 P.M on Wednesday evening. Shineco's consultant working under Shineco's counsel's privilege and who is not of the Jewish faith had responded to the e-mailed notice of the Decision inquiring as to when the suspension would become effective. Undersigned counsel's strict observance of the Jewish faith meant that I was entirely offline for the entire observance of the Jewish Day of Atonement.

DICKINSON WRIGHT PLLC

The Hon. John P. Cronan
United States District Judge
October 3, 2025
Page 3

      Plaintiffs and their counsel appreciate this Court's availability and openness to considering the rapid developments in this matter.

Very truly yours,

DICKINSON WRIGHT PLLC

*Jacob S. Frenkel*

By: Jacob S. Frenkel
Counsel to Plaintiffs

### Affirmation of Service

The undersigned hereby affirms that on the below date, he e-filed the foregoing via ECF, which will send a notice of electronic filing ("NEF") to all counsel/parties of record who have appeared or registered for ECF / PACER, and by e-mail to *pro se* parties who have not yet been able to obtain SDNY ECF access.

Date: October 3, 2025

                                                   *Jacob S. Frenkel*
                                               by: Jacob S. Frenkel

The Court is in receipt of Plaintiffs' letter. Dkt. 22. Should Plaintiffs seek a hearing on Monday, October 6, 2025, they must file any request for emergency relief by tonight, October 3, 2025, at 11:59 P.M. Defendant's response to such a request would be due by 12:00 P.M. on October 5, 2025. Any hearing would be held in Courtroom 12D, 500 Pearl Street, New York, New York at 1:00 P.M. on October 6, 2025.

If Plaintiffs fail to meet this evening's deadline in order to have a hearing, any motion shall be filed by October 4, 2025 at 12:00 P.M. Defendant's response would be due October 6, 2025 at 12:00 P.M.

SO ORDERED.
Date: October 3, 2025

JOHN P. CRONAN
United States District Judge

ARIZONA   CALIFORNIA   FLORIDA   ILLINOIS   KENTUCKY   MICHIGAN   NEVADA   OHIO   TENNESSEE   TEXAS   WASHINGTON DC   TORONTO