UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
SHINECO, INC. *et al.*,                                                 :
                                                                        :
                            Plaintiffs,         :
                                                                        :      25 Civ. 6159 (JPC)
            -v-                                                     :
                                                                        :      <u>ORDER</u>
THE NASDAQ STOCK MARKET, LLC,                                           :
                                                                        :
                                                                        :
                            Defendant.          :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        On October 3, 2025, Plaintiffs filed a motion for a temporary restraining order in light of Defendant's imminent delisting of the stocks of Plaintiff Shineco, Inc., on October 7, 2025. *See* Dkts. 25-28. Plaintiffs seek an order from this Court which would "stay suspension and delisting of Shineco's stock simply to enable prompt appellate review by the Securities and Exchange Commission ('SEC') of [Defendant's] decision and pending resolution of Shineco's appeal to the SEC." Dkt. 26 ("Motion") at 1. Shineco "unequivocally intends to pursue" an appeal of Defendant's delisting decision "under Exchange Act Section 19(d)(2) and SEC Rule of Practice 420 (17 C.F.R. § 201.420(a))" and would otherwise apply for a stay of that decision with the SEC under "Rule 401(d) of the SEC Rules of Practice." Motion at 8, 14. But seeing as "the SEC is closed because of the Government shutdown," Plaintiffs claim that Shineco "cannot meaningfully exercise its right to appeal or obtain a stay of the decision without *this court's* intervention." *Id.* at 8, 11 (emphasis added).

        That is incorrect. Jurisdiction over this case lies with "a court of appeals, rather than a district court." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 181 (2023). In the normal course, the "Exchange Act sets forth a comprehensive federal scheme for review" of the decisions of both the

Defendant and the SEC, in which "an aggrieved company may seek SEC review of delisting, 15 U.S.C. § 78s(d), and appeal the SEC's decision to the Court of Appeals, *id.* § 78y." *Cleantech Innovations, Inc. v. Nasdaq Stock Market, LLC*, No. 11 Civ. 9358 (KBF), 2011 WL 7138696, at *2 (S.D.N.Y. Dec. 30, 2011) (Sullivan, J.); *accord Cavanagh Cmtys. Corp. v. N.Y. Stock Exch., Inc.*, 422 F. Supp. 382, 386-87 (S.D.N.Y. 1976) ("[One] may not challenge delisting procedures in the District Court but must resort to the SEC and ultimately the Court of Appeals."); *Costello v. N.Y. Stock Exch., Inc.*, No. 75 Civ. 1233, 1975 WL 378, at *1-2 (S.D.N.Y. Mar. 17, 1975) (similar); *see also Altman v. SEC*, 687 F.3d 44, 45-46 (2d Cir. 2012) (*per curiam*) ("Review provisions such as this generally preclude *de novo* review in the district courts, requiring litigants to bring challenges in the Court of Appeals or not at all.").

That holds true even when an aggrieved company seeks a stay of Defendant's decisions. *See Cleantech Innovations*, 2011 WL 7138696, at *3-4 ("[T]he Exchange Act contemplates a specific system of comprehensive review, which includes empowering the Commission to grant the very [emergency] relief that Plaintiff seeks" and "Plaintiff is able under § 78y(c)(2) to appeal the Commission's denial [of a stay] and petition the United States Court of Appeals for a stay."). Indeed, the Exchange Act expressly provides that the SEC "may stay its order or rule pending judicial review if it finds that justice so requires," and the appropriate Court of Appeals may, in turn, "issue all necessary and appropriate process to stay the order or rule or to preserve status or rights pending its review."  15 U.S.C. § 78y(c)(2).  Nor does the current Government shutdown alter this carefully constructed review scheme: to the contrary, a stay application may be filed with a Court of Appeals without first going through the SEC when there "was reasonable ground for failure to apply to the Commission."  *Id.*

Ultimately, the "Exchange Act provides the exclusive route by which [Shineco] can seek a stay of the delisting of its stock.  Whether or not [Shineco] chooses to avail itself of this process,

2

this Court lacks jurisdiction to grant the relief requested." *Cleantech Innovations*, 2011 WL 7138696, at *3. Absent a showing of jurisdiction, "Plaintiffs have not shown a likelihood of success on the merits" necessary to award a temporary restraining order. *New York v. Nat'l Science Found.*, No. 25 Civ. 4452 (JPC), 2025 WL 2180478, at *5-6, *22 (S.D.N.Y. Aug. 1, 2025). So Plaintiffs' motion for a temporary restraining order is denied without prejudice.

The hearing currently scheduled for October 6, 2025, at 1:00 P.M. is canceled. The Clerk of Court is respectfully directed to close Docket Numbers 26 and 28.

SO ORDERED.

Dated: October 4, 2025
       New York, New York

                                                    _____
                                                            JOHN P. CRONAN
                                                        United States District Judge

3